Welcome to the second day of our panel hearing here in Atlanta. You're familiar with our lighting system. When the yellow light goes on, that means that your time is drawing to a close, so you can begin to wrap up. If we take you beyond the red light, don't worry about that, just keep on going. And with that, we're ready to begin. Our first case is number 23-13069, United States v. Jerome Miller, Jr. Mr. Schrader. Yes, Your Honors. Good morning. Before you start, before I forget, I know you're appointed under the CJA for Mr. Miller, and we want to thank you on our behalf and his for undertaking the representation. We do appreciate it. Thank you, Your Honors. And may it please the Court, my name is Brian Schrader. On behalf of Appellant Jerome Miller, this is a case about the application of the Armed Career Criminal Act enhancement to Mr. Miller's sentencing with the question of at what point should the Court look back to to compare the state definition and federal definitions of cocaine in this instance when determining whether a prior criminal conviction counts as a serious drug offense. This Court should follow the recent Supreme Court precedent in Berry and apply that the correct time to look back to is at the time of the state court offense, not at the time of the state court conviction. The government is in agreement, in fact, both the appellant and appellee are in lockstep in this matter, but for purposes of some background, Mr. Miller was indicted a felon in possession of firearm charges. He pled guilty without a plea agreement, but at the time of pleading guilty, preserved his objection to being qualified as an armed career criminal because the government had made their intentions clear. He proceeded to sentencing. At sentencing, without the Armed Career Criminal Act, his maximum would have been 10 years. His guideline would have been on the low end around 57 months, but the Court imposed an Armed Career Criminal Act sentence of 15 years pursuant to the minimum mandatory, and so this has greatly prejudiced him. I believe he was in for, it actually might have been a year or so more before I undertook representation probably close to two years ago because I don't believe I was the first attorney appointed to his case, if my memory serves correctly. The basis for the Court imposing the Armed Career Criminal Act in position enhancement was three prior Florida delivery of cocaine charges that occurred in February and March of 2017. What is important is that the Florida definition of cocaine contained ioflucane until July of 2017, so several months after his dates of offense. The federal definition had been changed in 2015 to remove ioflucane, so at the time of his offenses in Florida, the state and the federal definitions of cocaine differed. He committed the offenses before the statutory definition changed, he was convicted on them after the statutory definition changed? Correct. He was convicted about a month later in August. This Court reviews this issue de novo, and if the Court applies the standard and bury, we are asking the Court to reverse for a sentencing that does not have the Armed Career Criminal Act enhancement, which will greatly reduce this sentence. Even though the government and the appellant are in lockstep and agree on this issue, the Court did issue three points of clarity that it wanted to discuss today. I am prepared to discuss those. The three points were, one, the general holding in Brown that the correct comparison to be made is at the time of the state court offense, not at the time of conviction. Two, differences between the holding in Brown and Mr. Miller's case. And three, whether we believe Brown is binding precedent on this Court for purposes of Mr. Miller's case. Now, starting with the first issue, in Brown, the court held, the United States Supreme Court held that a state drug conviction counts as an ACCA precedent or a predicate if it involved a drug on the federal schedules at the time of the offense. And it's very clear that it states at the time of the offense, which is the correct standard. The Court discussed convictions in that opinion and did discuss things at the time of conviction, but they discussed that in context of what was on the pre-sentence investigation report in discussing convictions that had occurred where both the date of offense and the conviction occurred at a time when the laws did both match, making this issue of difference between conviction and offense date irrelevant. And the courts in Brown relied in part on McNeil, which we cited in our initial brief and was then cited also in the supplemental brief that was filed by the United States. The court should analyze, quote, the version of state law that the defendant was actually convicted of violating. And this is important because under Florida law, changes to the law do not apply retroactively. And so in McNeil, it was considering a North Carolina law, and in that case, the defendant's date of offense occurred and prior to his date of conviction, North Carolina changed the law to reduce the maximum sentence for that crime below 10 years, which would take it outside of the definition of serious drug offense under the Armed Career Criminal Act. And what the Supreme Court says, we need to look at the law he was actually convicted of violating, not the law that was in effect at the time of the conviction. And they said the law change did not retroactively apply, and so the definition of the law he was convicted of violating was the law prior to the change, and unfortunately for Mr. McNeil, that meant the Armed Career Criminal Act enhancement applied to him. Is that the test we should look at, which is whether state law would apply the amendment retroactively to the defendant's crime? I believe in Mr. Miller's case, that would be the correct test to look at. I would be remiss to speak about other states and their laws and how it would impact because I'm not part of those states and I'm not familiar with the law. I'm not saying the state law would be the same, but should we look to the law of the state where the offense occurred to determine whether an amendment would be applied retroactively? I think it would be appropriate to look at that in all of the instances because in theory, if a state did retroactively apply a law, and I wouldn't be familiar with why that state would ever have that in this situation, but if it did, it would certainly change the crime that he was, or the defendant would actually be convicted of. So I do think that would be an appropriate inquiry for the court to make, but in Mr. Miller's case, the change does not retroactively apply. This court also had an unpublished opinion in February of this year, United States v. Cherry. It was not published, and so it does not trigger the prior precedent rule. But in that opinion, this court stated that the Supreme Court in Berry held that when deciding whether the federal and state definitions match, a court must look at the definitions applied at the time that the defendant committed the underlying state crime, and in Cherry, this court reversed the application of the Armed Career Criminal Act Enhancement because Florida's definition of cocaine was broader than the federal definition at the time of  Turning to the second point that the court in the notice instructed on that point, something that I think may sort of slide in your favor is that the date of the offense may be the only date that provides, in this crazy world of categorical determinations, any sort of predictability because a conviction may take place years after the offense took place, and the law can change a number of times between the offense's commission and the actual conviction and then the sentence. Correct. It could be in Mr. Miller's favor. It may be in other defendants' not in their favor. For example, if a... If they were in the last area. Correct. Because somebody could be decriminalized entirely, and they could still be convicted of it if their offense occurred at a time where it was still defined as a crime, and so I think that is correct, Your Honor. Looking then at the second point the court asked us to evaluate, which was how is Barry different? First, the question that was presented in that case was a different question. It was which version of the federal law to apply. I believe Mr. Brown, I think I say Barry, Mr. Brown wanted the law at the time of federal offense. The Brown court rejected these and came back and said, no, it's to be the time of the state court offense. I made it very clear, but in order to get there, and this brings me to the third point on whether I believe it is binding on this court, in order to get there, the court had to make a comparison. In order to make a comparison, the court must determine what two things are being compared. Although the court was only being asked specifically what federal law to compare, in so reaching that decision, the court must reach the decision of what state law version to compare. Under this court's precedent, U.S. v. Gillis, the holding is not limited just to what is held but is also anything that must be utilized in order to get there. In the resulting portions of the opinion necessary to reach that result, and so it is our position that that precedent is binding on the court and if the court correctly applies it, that this will require a reversal for resentencing where the Armed Career Criminal Act enhancement is not applied. Have a seat. Thank you, Your Honors. May it please the court, Julia Capusta for the United States. We agree that under Brown, Miller's Florida delivery of cocaine convictions do not constitute serious drug offenses under ACCA because at the time he committed those offenses, Florida law defined cocaine more broadly than federal law. We agree that Brown is binding on this court because the result in Brown is that the defendant's prior state convictions counted as ACCA predicates and necessary to that result was the court's determination that courts must compare the version of the federal and state schedules in effect when the defendant committed the state offense. In applying that holding here, when Miller committed his Florida delivery of cocaine convictions in February and March 2017, Florida law included Ioflupane on its schedules. The amendment to 89303 did not take effect until July 1st, 2017, and under the Savings Clause of the Florida Constitution, that amendment does not apply retroactively. So applying Does retroactivity matter if the person still suffered a conviction? Yes, Your Honor, because this case asks at what point we look and compare the federal and state drug schedules, and so it would have mattered for Miller because if it had applied retroactively, then when he was convicted, the court could have applied the new version of Florida law to his crime, and at that point, federal and state drug schedules, Florida law would not have defined cocaine more broadly than federal law, and his ACCA convictions would have counted. So you have to look at the law under which he was convicted, and if it had applied retroactively, we would have the argument that his prior convictions would still count as ACCA predicates. But because the law is not applied retroactively at the time of his offenses in February and March 2017, Florida law defined cocaine more broadly than federal law. So is the answer retroactivity does matter? Yes, Your Honor. I believe it matters that Florida does not apply the law retroactively because if Florida had applied the amendment to 89303 retroactively, then it would have applied to Miller's prior convictions because he was not convicted until after the law took effect. So if at the time of his August 2017 sentencing hearing, the new version of 89303 had applied retroactively to the offenses he had committed, then the definition of cocaine would not be more broad than the federal definition and his ACCA predicates. So if 89303 had been applied retroactively to his offense in February and March 2017, then the law under which he was convicted would have included, we would have applied that amendment to his convictions, and we would argue that he was convicted under a law that did not define cocaine more broadly than federal law. Can I sort of throw you a curveball to push you on the retroactivity point? Yes, Your Honor. He commits the offense on day 30, right? On day 31, the law changes. He's not convicted until four to five years later. Does retroactivity matter in that circumstance? Yes, Your Honor, it would. Is that the answer you gave before that's consistent? Second hypothetical. He commits the offense in year one, gets convicted in year two. In year five, the legislature changes the law and makes the change retroactive. What happens? I don't believe it would affect it in that case because . . . Retroactivity is not always the answer. Not always, but in the circumstances we have here, because the time he committed, the law changed in between the time he committed the offense and the time he was convicted. I do believe it matters in those circumstances if you have a change of law in between the commission of the offense and the conviction like we have here. Retroactivity matters in some cases. Yes, Your Honor. That doesn't seem . . . This ACCA world is really difficult to apply as it is, and now that seems to add another layer of uncertainty. Why shouldn't the answer be that what matters with regards to notice purposes is the law that was in effect at the time that the defendant committed the underlying state court offense? Your Honor, I do believe that is the appropriate inquiry, but I think you have to look at the law that applies to that conviction. Retroactivity can sometimes affect the law that applied to that conviction. I do believe that the appropriate inquiry, and Brown made that very clear, is you apply the law that was in effect at the time the defendant committed the offenses. I just believe that there are certain circumstances where if 893.03 had been applied retroactively, I think that could change the analysis in certain circumstances, but in here it wasn't, and most amendments to criminal statutes are almost never applied retroactively. So I can't envision a case in which . . . Isn't it odd to say that an offense that remains criminal was somehow affected by a retroactive change in law? Yes, Your Honor. Absolutely. Yes, Your Honor. I believe that's also, again, it almost never happens that a change to a criminal law could be applied retroactively. That's the same rule. Yes, and . . . The presumption doesn't always work against retroactivity when you're dealing with something like decriminalization or the lowering of penalties. Sometimes those are applied retroactively depending on what the legislature says about it. Yes, Your Honor. I think, at least in Florida's case, it depends on whether it's a substantive change or a procedural or remedial change. But, again, in here it's clear that the law did not apply retroactively. The amendment said the effective date was July 1, 2017, and because Brown makes clear that the relevant point in time in which courts must compare the federal and state drug schedules is the time in which the offense was committed, that means we looked at the schedules that were in effect in February and March 2017, and those schedules included ioflupine. And so state law defined cocaine more broadly than federal law at the time of Miller's convictions. I first thank you for filing your letter brief timely. We appreciate the help. I know you have a lot to do, so we appreciate that. With regard to your letter brief, you have a footnote in it about Brown, saying the first Brown decision that came out had time of conviction in the holding, and then it was changed to time of the offense. And so I looked at the Supreme Court docket to see if I could see a modified opinion, because I do think that's a factor we could look at, that they had conviction, and then they changed it to offense. The reason why is because of the dissent. The dissent rates is hard to reconcile with the majority opinion. So where do I find that, and how do you know that? Since if you go look at the Supreme Court docket, you don't see an amended opinion. Now, maybe that's just internal processes, but you still would have to know it. So how do you know that? So, Your Honor, I don't know where you can find it. I know that because my colleagues who were working on this case at the time, and when we were making it clear that we were intended to concede based on Brown, when we had to make the argument as to why Brown applied here, it was a harder case at first when that says time of conviction, but even though Brown opinion made clear that it meant the time that the offense was committed, that final line in Brown kind of made things more confusing. But once the amendment came through. I agree with that. Yeah. So that's why I'm trying to get an answer on. Yeah. I know it was first there, and then it was removed. But how do you know that? I know just because this was an issue that came up when my colleagues, Holly, was writing the brief in Brown and was getting permission to concede in Brown. And so I know from them, but I can file a notice to the court if I can find a way to let you know. Can you find the notes? I assume there was some opinion since the government's party got something. You know, I try to. And the Supreme Court can do that. I think it happens all the time. We do it, too. We see an error, it comes out, and we just correct it. We don't evade it, reissue it. If it's minor, it's not any big deal. I just think that would be helpful, at least to me, to know how you know that. Oh, yes, sir. I'll file a notice. If there's a document where it did come out to the government as the party, you've got to file a copy of that. Here's the first. It got revised two days later, a week later. Or you just write, I don't have the document, but here's how we know that, because you make that representation. And I don't doubt that. You've got basis for your representations. I'm not questioning that. Yes, Your Honor. I just like, if that's what you have, of course, if you could just do that. Yes, I'll provide clarity as to where you can find. It doesn't need to be long or anything. One place to start might be looking to see whether or not the Supreme Court issued a slip opinion. Yes, Your Honor. I'll provide that answer for the court after. Yes, Your Honor. I'll provide you. I have no idea how that works. I'll provide that answer for the court. I just think that she's very careful in her words. It's just bizarre in a way. Yeah, it was confusing. You have a majority, so it doesn't matter. It's a dissent, but it's just interesting to me. Yes, yeah. And later in her dissent, she does refer to the time the state drug crime occurred. But again, we've lived in. I know when she talks about what the majority held, she's very clear what the majority is holding. Yes, Your Honor. Okay, thank you. Unless Your Honor has any further questions for me, we ask that you rely on our brief and our supplemental letter brief. We ask that you affirm Miller's convictions, vacate his sentence, and remand for resentencing without the ACCA enhancement. Thank you, Your Honors. Thank you very much. May it please the Court, unless there's any additional questions, I don't feel the need to rebut something that I agree with. So I'll defer it to the Court if the Court needs any more time from me. Having heard the questioning and the answers, do you have a different opinion on retroactivity now? Does it matter or does it not matter? Well, I think under McNeil, I think we have to say it matters because McNeil does look at the law as the law is applied at the time of the conviction, which would be looking back at the law in effect for Florida's purposes and North Carolina's purposes in effect at the time of the date of offense. I think the hypothetical one raised a lot of hairs on the back of my neck of thinking about all the people who could have further criminal culpability because of a retroactive change in the law that enhances what they've done in the past. As a defense lawyer, that certainly kind of gets me wanting to jump up and object. Meanwhile, I do understand there are retroactive changes that decriminalize things that have a little bit different of an approach. And so I think that the idea of that happening is probably more of an academic question than one that would be grappled with in real life. But to the extent that it is plausible that something could retroactively increase culpability, I do think the court looking at state law and the definition as the state defines that conviction would have to take that into consideration. But the circumstances of that are so hypothetical to me that I'm not sure that I can come up with a very clear answer on it at this point. But for Mr. Miller's purposes, it was not retroactive. And I think for his case, it deems the opinion very clear on applying the law at the time of the offense. Thank you.